**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:26-cv-00059-MOC**

| | | |
|---|---|---|
| EDWARD LAMONT WOMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| | ) | |
| RONNIE L. HONEYCUTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 4].

I.     **BACKGROUND**

Pro se Plaintiff Edward Lamont Womble ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On March 18, 2026, he filed this action pursuant to 42 U.S.C. § 1983, naming Ronnie L. Honeycutt, identified as the Warden at Alexander, and FNU Wilson, identified as a Security Risk Group ("SRG") Lieutenant at Alexander, as Defendants in this matter. [Doc. 1]. Plaintiff names them in their individual and official capacities. [Id. at 2]. Plaintiff alleges as follows.

On January 1, 2025, while incarcerated at Alexander, Plaintiff filed for protective custody due to threats from gang members. [Id. at 6]. "The North Carolina Department of Adult Correction ["NCDAC"] Employee" denied Plaintiff's request, and Plaintiff was "forced" back to the general population. [Id. at 6-7]. "Staff" were aware of the gang members because of Plaintiff's request

for protective custody.  [Id. at 11].  On July 14, 2025, on D-Block in Green Unit at Alexander, Plaintiff was assaulted by two gang members affiliated with the ones that had previously threatened him and prompted his request for protective custody. [Id. at 6, 10]. Plaintiff alleges having suffered a broken eye socket, extreme pain, blurry vision, and bleeding on his brain from the assault, as well as depression, paranoia, and lack of sleep.  [Id. at 6, 8]. Defendant Honeycutt "had knowledge of the [threats] from gang members" at Alexander when Plaintiff's protective custody request was denied.  [Id. at 7].

Plaintiff claims that Defendants violated his rights under the Eighth Amendment based on their failure to protect him from harm.  [Id. at 4, 9].  He also claims that the State and the unidentified NCDAC employee were negligent in breaching its duty to protect the Plaintiff.  [Id. at 7-8].  Plaintiff claims he suffered various physical injuries.  Plaintiff seeks monetary relief, including punitive damages.  [Id. at 10].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as

fantastic or delusional scenarios. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. <u>See</u> 42 U.S.C. § 1983; <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999); <u>Health & Hosp. Corp. of Marion Cnty. v. Talevski</u>, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." <u>Will v. Dep't of State Police</u>, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. <u>Allen v. Cooper</u>, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. <u>See</u> <u>Ballenger v. Owens</u>, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." <u>Williamson v. Stirling</u>, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); <u>see</u> <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. <u>Williamson</u>, 912 F.3d

3

at 171. As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). While personal involvement is required, it need not be "hands-on." Riddick v. Barber, 109 F.4th 649 (4th Cir. 2024). "Instead, the 'requisite causal connection' between defendant and violation can be established if the defendant 'set[s] in motion a series of acts by others which the actor[ ] know[s] or reasonably should know would cause others to inflict the constitutional injury.'" Id. at 649-50 (citing Amisi v. Brooks, 93 F.4th 659, 670 (4th Cir. 2024) (internal quotation marks omitted) (establishing liability for a person who "subjects, or causes to be subjected," another person to a deprivation of constitutional rights)).

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim under the Eighth Amendment based on the failure to protect. Plaintiff alleges no personal participation or knowledge by Defendant Wilson and plainly fails to state any claim for relief against this Defendant. As for Defendant

Honeycutt, Plaintiff alleges only that Honeycutt "had knowledge of the [threats] from gang members" at Alexander when Plaintiff's protective custody request was denied. These allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Furthermore, these allegations are insufficient to show that Defendant Honeycutt had knowledge of and disregarded an objectively serious risk of harm. See De'Lonta, 330 F.3d at 634.

Moreover, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

Finally, to the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] as well

5

all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief, if the facts support such amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

### **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendants Honeycutt and Wilson are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

6

**IT IS SO ORDERED**.
Signed: April 2, 2026

Max O. Cogburn Jr.
United States District Judge