**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:26-cv-00059-MOC**

| | |
|---|---|
| EDWARD LAMONT WOMBLE, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>)<br>)<br>RONNIE L. HONEYCUTT, et al., )<br>)<br>Defendants. )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER**<br>**ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 6], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 4].

**I.      BACKGROUND**

Pro se Plaintiff Edward Lamont Womble ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On March 18, 2026, he filed this action pursuant to 42 U.S.C. § 1983, naming Ronnie L. Honeycutt, identified as the Warden at Alexander, and FNU Wilson, identified as a Security Risk Group ("SRG") Lieutenant at Alexander, as Defendants in this matter. [Doc. 1]. Plaintiff named them in their individual and official capacities. [Id. at 2]. Plaintiff purported to state claims against these Defendants for their alleged failure to protect him from harm under the Eighth Amendment. [See Doc. 1]. Plaintiff's Complaint, however, failed initial review for his failure to state a claim for relief. [Doc. 5]. The Court allowed him to file an amended Complaint correcting the deficiencies within 30 days. [Id. at 6].

Plaintiff's Amended Complaint is now before the Court on initial review. [Doc. 6].

Plaintiff again names Wilson and Honeycutt as Defendants and now also names the North Carolina Department of Adult Correction (NCDAC). [Id. at 1-2, 9]. Plaintiff does not allege the capacities in which he purports to sue the individual Defendants. Plaintiff alleges as follows.

On January 1, 2025, Plaintiff requested protective custody from, among others, fellow inmate Wallace Belfield, PID 0910762. Defendant Wilson denied Plaintiff's request for protective custody. [Id. at 4]. On July 14, 2025, two gang members, Belfield and inmate Tyler Nelson, assaulted the Plaintiff on Green Unit, D-Block. [Id. at 3-4]. Plaintiff alleges that Defendant Wilson "had knowledge" of Belfield from the denial of the protective custody request, but Wilson failed to protect to protect the Plaintiff by denying protective custody. [Id. at 4]. As for Defendant Honeycutt, Plaintiff alleges only that Honeycutt was the Warden at Alexander, "had knowledge of potential danger when [Plaintiff] filed for protective custody," and violated the Eighth Amendment by failing to prevent inmate assault. [Id. at 5].

Plaintiff claims that Defendants violated his rights under the Eighth Amendment based on their failure to protect him from harm. [Id. at 1-2, 4-5]. Plaintiff claims he suffered various physical injuries, including a broken eye socket, bleeding on his brain, pain, residual blurry vision, and scarring, as well as paranoia, depression, and insomnia. [Id. at 6]. Plaintiff seeks monetary relief only. [Id. at 7].

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify

2

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff attempts to name the NCDAC as a Defendant. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDAC is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). Plaintiff's claim against the NCDAC is, therefore, dismissed with prejudice.

To the extent Plaintiff purports to sue Defendants Honeycutt and Wilson in their official capacities, he has failed to state a claim for relief. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."

3

Will v. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, Plaintiff's claims against Defendants Honeycutt and Wilson in their official capacities do not survive initial review and will be dismissed.

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials.  See Farmer v. Brennan, 511 U.S. 825, 833 (1994).  Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  Id. at 834.  To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety."  De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim under the Eighth Amendment based on the failure to protect.  Plaintiff alleges only that Defendant Wilson denied Plaintiff's request for protective custody from inmate Belfield, who assaulted the Plaintiff over six months later, and that Defendant Honeycutt "had knowledge" of the protective custody request.  These allegations are again insufficient to state a failure to protect claim under the Eight Amendment.  That is, Plaintiff's

4

allegations are too vague and conclusory to show that either Defendant knew of and disregarded an objectively serious risk of harm. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Specifically, Plaintiff must allege facts showing that the substance of Plaintiff's request for protective custody from inmate Belfield alerted Defendants to an objectively serious risk of harm, which Defendants disregarded. The Court will allow Plaintiff one additional opportunity to amend his Complaint.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Amended Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff one additional opportunity to amend his Complaint to state a claim for relief, if the facts support such amendment.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Amended Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely and properly amend his Complaint in accordance with the terms of this Order, the Court will dismiss this action with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint fails initial

review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendants Wilson and Honeycutt are **DISMISSED WITHOUT PREJUDICE** as Defendants, and Defendant North Carolina Department of Adult Correction is **DISMISSED WITH PREJUDICE** as a Defendant in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form and to add the North Carolina Department of Adult Correction as a Defendant in this docket in this matter.

**IT IS SO ORDERED**.

Signed: May 13, 2026

Max O. Cogburn Jr
United States District Judge

6