**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:26-cv-00059-MOC**

| | | |
|---|---|---|
| EDWARD LAMONT WOMBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| | ) | |
| RONNIE L. HONEYCUTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Second Amended Complaint, [Doc. 8], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 4].

**I.      BACKGROUND**

Pro se Plaintiff Edward Lamont Womble ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On March 18, 2026, he filed this action pursuant to 42 U.S.C. § 1983, naming Ronnie L. Honeycutt, identified as the Warden at Alexander, and FNU Wilson, identified as a Security Risk Group ("SRG") Lieutenant at Alexander, as Defendants in this matter. [Doc. 1]. Plaintiff named them in their individual and official capacities. [Id. at 2]. Plaintiff purported to state claims against these Defendants for their alleged failure to protect him from harm under the Eighth Amendment. [See Doc. 1]. Plaintiff's Complaint, however, failed initial review for his failure to state a claim for relief. [Doc. 5]. The Court allowed him to file an amended Complaint correcting the deficiencies within 30 days. [Id. at 6].

Plaintiff filed an Amended Complaint, again naming Wilson and Honeycutt as Defendants.

[Doc. 6]. He also named the North Carolina Department of Adult Correction (NCDAC) as a Defendant. [Id. at 1-2, 9]. Plaintiff again purported to state an Eighth Amendment claim based on the alleged failure to protect him from harm. [Id. at 1-2, 4-5]. Plaintiff's Amended Complaint, however, failed initial review for Plaintiff's failure to state a claim for relief. [Doc. 7 at 4-5]. The Court offered the Plaintiff one additional opportunity to file an amended Complaint to state a claim for relief. [Id. at 5-6]. The Court specifically advised the Plaintiff that he "must allege facts showing that the substance of Plaintiff's request for protective custody alerted Defendants to an objectively serious risk of harm, which Defendants disregarded." [Id. at 5].

Plaintiff timely filed a Second Amended Complaint, which is now before the Court on initial review. [Doc. 8]. Plaintiff names Honeycutt and Wilson as the sole Defendants, suing them in their individual and official capacities. [Id. at 2]. Plaintiff alleges only that, on July 14, 2025, Plaintiff was assaulted on Green Unit, D-Bock at Alexander by two gang members, Wallace Belfield and Tyler Nelson. [Id. at 5].

Plaintiff claims that Defendants violated his rights under the Eighth Amendment based on their failure to protect him from harm. [Id. at 3]. Plaintiff claims he suffered various physical injuries, including a broken eye socket, bleeding on his brain, pain, blurry vision, depression, and a metal plate in his eye. [Id. at 5]. Plaintiff seeks monetary relief only. [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify

2

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants

3

Honeycutt and Wilson in their official capacities do not survive initial review and will be dismissed.

The Eighth Amendment's Cruel and Unusual Punishments Clause imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners and other prison officials. See Farmer v. Brennan, 511 U.S. 825, 833 (1994). Still, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To state a claim against a prison official for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health or safety." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious … risk of harm." Id.

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171.

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has again failed to state a claim under the Eighth Amendment based on the failure to protect. Plaintiff alleges only that he was assaulted by two gang members. He makes no allegations of personal participation by either Defendant and certainly nothing to show that either Defendant knew of and disregarded an objectively serious risk of harm.

Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and

4

has otherwise properly failed to state a claim for relief, the Court will dismiss this action with prejudice. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV.      CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Second Amended Complaint with prejudice.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that Plaintiff's Second Amended Complaint [Doc. 8] is **DISMISSED WITH PREJUDICE** in accordance with the terms of this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.
Signed: July 9, 2026

Max O. Cogburn Jr.
United States District Judge

5